# IN THE COURT OF APPEALS OF IOWA

No. 19-0226
Filed April 29, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHRISTINA BENNETT,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Heather L. Lauber (plea) and Lawrence P. McLellan (sentencing), Judges.

Christina Bennett appeals following her guilty plea to lottery ticket fraud, failure to appear, and driving without the owner's consent. **CONVICTIONS AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Mullins, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**VAITHESWARAN, Presiding Judge.**

Christina Bennett pled guilty to lottery ticket fraud, failure to appear, and driving without the owner's consent. *See* Iowa Code §§ 99G.36(1), 811.2(8), 714.7 (2018). The district court sentenced her to prison terms not exceeding five years, five years, and two years respectively, and ordered the terms to "run consecutive to each other" and consecutive to a sentence imposed following a probation violation, for a total prison term not exceeding fourteen years.[1]

On appeal, Bennett argues (1) the prosecutor breached the plea agreement when he recommended incarceration rather than probation, and her attorney was ineffective in failing to challenge the breach; (2) the district court erred in ordering her to reimburse the sheriff for jail room-and-board expenses without determining her reasonable ability to pay those expenses; and (3) if the reimbursement order was a civil judgment rather than a criminal restitution order, the statute authorizing payment of the expenses without affording her the opportunity to be heard violated due process.[2]

---

[1] The district court's sentencing order also included the following provision:
> RESTITUTION. Defendant is ordered to make restitution in the amount of $TBD. Payment(s) shall be made to the Clerk of Criminal Court, Polk County Courthouse, Fifth & Mulberry Streets, Des Moines, IA 50309. The Clerk shall forward payment(s) to _____. If the amounts of restitution are not available at the time of sentencing, a supplemental order will follow.

[2] The supreme court held legislative changes that preclude the right of appeal from convictions following guilty pleas and preclude ineffective-assistance-of-counsel claims in criminal cases from being decided on direct appeal "apply only prospectively and do not apply to cases pending on July 1, 2019." *State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019); *see also State v. Ross*, ___ N.W.2d ___, ___, 2020 WL 1651698, at *2 (Iowa 2020) ("We may decide such claims on direct appeal if the appeal was already pending on July 1, 2019, when Senate File 589 eliminating the ability to pursue ineffective-assistance claims on direct appeal, took effect."). Bennett's plea was accepted on September 24, 2018, her sentence was

## I.     *Breach of Plea Agreement – Ineffective Assistance of Counsel*

Generally, a defendant must establish deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). But where the claim is grounded on the breach of a plea agreement and a breach is established, prejudice is presumed. *See Macke*, 933 N.W.2d at 237 (stating counsel's "failure to object" to the State's breach of a "plea agreement to jointly recommend a deferred judgment and probation" constituted "ineffective assistance of counsel, with prejudice . . . presumed"). We find the record adequate to address the issue. *Id.* at 236 ("[W]e find the record is sufficient under the rules governing guilty pleas.").

The prosecutor handling the plea hearing described the agreement as follows:

> It is my understanding at this time Miss Bennett will enter guilty pleas to lottery ticket fraud in FECR310686, also failure to appear in FECR320835 and finally operating without owner's consent in FECR313746. My understanding is at the time of sentencing, the parties will recommend that these sentences all run consecutive to each other and to the defendant's probation for which she is currently on *that there would be a three-year probation recommendation*, that she would be required to complete substance abuse treatment, aftercare, color code and that the minimum fines, law enforcement surcharges would all apply. Finally, at the time of sentencing, the State will dismiss FECR313746 as well as Count II and I am not sure which number that is. I'll defer to defense counsel to clarify that. I am told, although the order doesn't really say this that [was] filed, that the plan was that she would be allowed to do treatment pending sentence at Prelude or somewhere so that's the State's recommendation. That's my understanding of the status at this time.

(Emphasis added.) Bennett's attorney agreed with the summation. After clarifying which charge would be dismissed, he stated,

---

imposed on January 2, 2019, and her notice of appeal was filed on February 4, 2019. Accordingly, we may consider her claim.

> The only addition I would make is that . . . defense would be allowed to argue for deferred judgment and that the State wouldn't certainly recommend a deferred judgment but that the defendant would be allowed to argue for deferred judgment as Miss Bennett is deferred-eligible at the time of sentencing. Otherwise that is, I believe, all the record that needs to be made at this time.

The district court memorialized the agreement in an order accepting the plea and scheduling a sentencing hearing:

> Barring any new criminal activity or violation of this order, at sentencing the parties will recommend: 5 YEARS, 5 YEARS, 2 YEARS, CONSECUTIVE TO EACH OTHER AND TO THE DEFENDANT'S PROBATION; *3 year probation*, Substance Abuse Evaluation/Treatment/Aftercare, Color Code, Minimum fines +35%, LEI Surcharge, DNA, Restitution Court Costs. The State will recommend dismissal of FECR313746 Count II. On any new criminal charge or violation of this order, established by a preponderance of evidence, the State is not bound by this agreement.

(Emphasis added.)

At the sentencing hearing, the State advocated for a prison term rather than probation. The prosecutor stated:

> [I]t's the State's recommendation that the Court in this matter sentence the defendant as . . . it relates to FECR310686, we respectfully ask the Court to sentence the defendant to a prison term not to exceed five years. As it relates to FECR320835, we recommend the Court sentence the defendant to a term not to exceed five years. And as it relates to FECR313746, operating a motor vehicle without owner's consent, we recommend the Court sentence the defendant to two years.
>
> Furthermore, Your Honor, we respectfully ask the Court to run the sentences consecutive to each other for a term not to exceed . . . 12 years.

The prosecutor explicitly argued against probation, citing Bennett's "criminal history" and prior "opportunities to be on probation." He reiterated:

> We zealously advocate that this Court adopt that recommendation by the [presentence investigation report] because they've looked at

all the necessary factors and have made a determination that she cannot be supervised in community corrections.

And without beating a dead horse, Judge, how many times do you give someone an opportunity to reform or to at least change criminal behavior and criminal thinking? This has gone on too long. . . .

. . . .

. . . . These are not accidents. These are acts by this defendant, and each one of those victims and/or crimes need justice to be served. And the only way justice will be served is if she's held accountable for each count and run together for a total term not to exceed 12 years.

As noted, the district court accepted the State's recommendation and sentenced Bennett to prison. On our de novo review, we conclude the State breached the plea agreement by recommending prison rather than probation.

In reaching this conclusion, we have considered the State's argument that the plea agreement did not bind the State because Bennett breached certain conditions. That was not the basis of the prosecutor's sentencing recommendation. He made no mention of a breach by Bennett, relying instead on Bennett's criminal history and her lack of success on probation. "We are unwilling to assume the plea agreement was later modified or waived off the record." *Macke*, 933 N.W.2d at 237. The State's post-hoc rationale cannot mitigate the breach.

Having found a breach of the plea agreement, we further conclude "[d]efense counsel 'was duty-bound to object.'" *Id.* (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)). "We remand the case for resentencing by a different judge. On remand, the prosecutor is required to honor the plea agreement by jointly recommending" probation. *Id.* (internal citation omitted). The conviction is affirmed. *Id.*

## II.    *Reimbursement of Jail Expenses – Reasonable Ability to Pay*

After sentencing, the sheriff filed a claim for reimbursement of $1815 in jail room-and-board expenses together with an administrative charge.  The claim was filed in the criminal case "pursuant to Iowa Code section 356.7," which authorizes the sheriff to charge an adult "who has been convicted of a criminal offense" for "room and board provided to the prisoner."  Iowa Code § 356.7(1).  The county attorney followed up by filing an application for reimbursement pursuant to the same provision.  The district court approved the claim "pursuant to Iowa Code [section] 356.7."  The approval order included the following language:

> IF YOU DISPUTE THE AMOUNT OWED, PLEASE CONTACT THE POLK COUNTY JAIL AT 515-323-5411 OR VISIT THEIR WEBSITE AT
> httos://www.polkcountviowa.00visheriff/divisionsidetention/inmate-room-board.
>     ANY DEFENDANT AGGRIEVED BY THE ABOVE ORDER MAY FILE AN APPLICATION WITH THE COURT TO HAVE THE COURT REEXAMINE THIS DECISION.  THE APPLICATION MUST BE FILED WITHIN 15 DAYS AFTER THE FILING OF THE COURT'S ORDER (SEE IOWA RULE OF CIVIL PROCEDURE 1.1007)
> Payments may be mailed or made in person:
> Attn: Accounting Clerk
> Polk County Jail
> 1985 NE 51st Place
> Des Moines, Iowa 50313

The order was mailed to Bennett's home address.

On appeal, Bennett argues the claim "for reimbursement of jail fees is a restitution order in a criminal case and the trial court erred by ordering [her] to pay room and board for time spent in jail without finding that she had the reasonable ability to pay."  Although we have vacated the sentencing order based on the prosecutor's breach of the plea agreement, we find it necessary to address this

challenge to the reimbursement order because, as will be discussed, the order is distinct from the sentencing order.

We begin with *State v. Albright*, 925 N.W.2d 144, 159 (Iowa 2019), a recent opinion addressing the procedure to be followed in ordering criminal restitution under Iowa Code chapter 910. The court described "two categories of restitution" under the statute and explained "[t]he court can only order restitution for items in [the] second category to the extent the offender has the reasonable ability to pay." *Albright*, 925 N.W.2d at 159. The court concluded, "Courts must wait to enter a final order of restitution until all items of restitution are before the court. Once the court has all the items of restitution before it, then and only then shall the court make an assessment as to the offender's reasonable ability to pay." *Id.* at 162. Among the restitution costs listed in the second category are "[c]ourt costs including correctional fees approved pursuant to section 356.7." *See* Iowa Code § 910.2(1)(c)(5).

We turn to *State v. Gross*, 935 N.W.2d 695, 699–702 (Iowa 2019), which addressed correctional fees approved pursuant to section 356.7. Specifically, the court asked, "[I]s recovery of jail fees under section 356.7 always subject to a reasonable-ability-to-pay screen or only when such fees are intentionally included in a restitution order?" *Gross*, 935 N.W.2d at 703. The court concluded that, although the reimbursement claim was filed in the criminal case, "This case . . . involves an order with the effect of a civil judgment and not a criminal restitution order." *Id.* at 704. The court recognized that "reasonable ability to pay is a constitutional prerequisite for a criminal restitution order such as that provided by Iowa Code chapter 910." *Id.* (citation omitted). Because Gross did "not contend"

that a reimbursement order under section 356.7 was "subject to the same constitutional constraints," the court left for "another day" the issue of whether a reasonable-ability-to-pay determination attached to a section 356.7 order. *Id.*

The question here is the same as the question asked and answered in *Gross*: is the post-sentencing reimbursement order a restitution order under chapter 910 or a civil judgment under section 356.7? The reimbursement order filed in Bennett's case is identical to the order filed in Gross's case. *See id.* at 697. Accordingly, we conclude the order is a section 356.7 civil judgment rather than a chapter 910 criminal restitution order. *Cf. id.* at 704.

We turn to Bennett's assertion that the court was obligated to determine her reasonable ability to pay the expenses before filing the reimbursement order. She acknowledges she "did not object to the order" but argues she may nonetheless raise the issue on appeal because "[t]he sentence is illegal."

The court considered this precise error-preservation issue in *Gross. Id.* at 698–99. There, the State argued the defendant was obligated to file a motion to reconsider the reimbursement order if he wished to challenge the order on appeal. The court found the issue intertwined with the merits. *Id.* at 698. Specifically, the court stated:

> If the award of jail fees is the equivalent of a civil judgment, then the State may have a point that Gross should have sought reconsideration under Iowa Rule of Civil Procedure 1.904(2). If the award of jail fees is part of restitution, then Gross can raise the lack of a reasonable-ability-to-pay hearing for the first time in a timely direct appeal.

*Id.* at 699. The court proceeded to the merits and, as noted, held the reimbursement order was a civil judgment. *Id.* at 699, 704. The court's conclusion

effectively meant that the defendant had to file a motion to reconsider the room-and-board order to preserve an appellate challenge to it.

The same holds true here. To preserve her argument that the court was obligated to determine her reasonable ability to pay, Bennett had to raise the issue in the district court. She did not. Accordingly, error was not preserved and we decline to reach the merits.

### III. *Due Process Challenge to Reimbursement Order*

Unlike the defendant in *Gross*, Bennett raises a due process challenge to the reimbursement order. She contends, "If the statute allows the sheriff to impose a judgment as a civil matter in a criminal case without the opportunity to be heard, the statute violates due process and is unconstitutional." Again, she asserts the issue implicates the legality of her sentence, obviating the need to preserve error.

Because Bennett's reimbursement order is a civil judgment, she was obligated to file a motion for reconsideration pursuant to Iowa Rule of Civil Procedure 1.904(2) to preserve error on her due process claim. She failed to do so. Accordingly, error was not preserved.

Anticipating this conclusion, Bennett also raises the issue under an ineffective-assistance-of-counsel rubric. We find the record inadequate to address the issue under this rubric.

We affirm Bennett's convictions. We vacate her sentences and remand for resentencing before a different judge.

**CONVICTIONS AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.**